UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MELIKYAN, | No. 2:13-cv-02184-AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

The case was referred to the undersigned in accordance with Local Rule 302(c)(15). Before the court is defendant the Commissioner of Social Security's ("the Commissioner") motion to reconsider its order granting plaintiff's motion for summary judgment and remanding for the determination of benefits. ECF No. 24. For the reasons discussed below the court will deny the Commissioner's motion.

## LEGAL STANDARD

Federal Rule 59(e) does not list "specific grounds for a motion to amend or alter[;]" hence, "the district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which

1

the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Id. (citation omitted). "[O]ther, highly unusual circumstances," also may "warrant[ ] reconsideration." Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

"[A]mending a judgment after its entry remains an extraordinary remedy[.]" Herron, 634 F.3d at 1111 (internal quotation marks and citation omitted). The Ninth Circuit thus has repeatedly cautioned that such an amendment "should be used sparingly." Id. (internal quotation marks and citation omitted). Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources." See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Moreover, denial of a motion for reconsideration under Rule 59(e) will not be reversed absent a showing of abuse of discretion. See Herron, 634 F.3d at 1111.

## PROCEDURAL BACKGROUND

Plaintiff filed his complaint along with a motion to proceed in forma pauperis on October 18, 2013. ECF Nos. 1, 2. On November 25, 2013, the court granted plaintiff's motion and a scheduling order was issued. ECF Nos. 4, 5. The Commissioner was served on December 10, 2013, ECF No. 9, and appeared on December 12, 2013, ECF No. 7. On March 10, 2014, the Commissioner filed an answer and notice of lodging of the administrative record. ECF Nos. 10, 11. On December 22, 2014, plaintiff filed a motion for summary judgment. ECF No. 15. Plaintiff's motion was followed by the Commissioner's cross-motion for summary judgment on February 25, 2015. ECF No. 19.

On March 24, 2015, the court granted plaintiff's motion for summary judgment and denied the Commissioner's cross-motion, finding that the ALJ had erred in failing to offer specific, legitimate reasons for giving little weight to the medical opinions of plaintiff's treating physicians, Drs. Gevorkian and Ewing. ECF No. 22 at 5–10. The court found that had Dr. Ewing's opinion been credited, it is clear that the ALJ would have been required to find plaintiff disabled at step five of the sequential evaluation analysis. Id. at 10–11. On April 17, 2015, the

Commissioner filed a motion to amend or modify the judgment under Federal Rule 59(e), arguing that the court's decision to remand for the determination of benefits was based on a manifest error of law. ECF No. 24. Accordingly, on April 24, 2015, the court ordered plaintiff to file an opposition, or a statement of non-opposition, no later than May 26, 2015, and the Commissioner to file a reply, if any, no later than June 9, 2015. ECF No. 25. Plaintiff filed an opposition on April 27, 2015. ECF No. 26.

## ANALYSIS

The court will deny the Commissioner's motion because its order remanding for the determination of benefits is not based on a manifest error of law. In appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). "Courts have generally exercised this power when it is clear from the record that a claimant is entitled to benefits, observing on occasion that inequitable conduct on the part of the Commissioner can strengthen, though not control, the case for such a remand." Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014). In order for a court to credit evidence as true three requirements must be met:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Id. at 1020. In addition, the Ninth Circuit has indicated that even where the foregoing factors are met, a court *may* remand for further adjudication where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Id. at 1021. The Ninth Circuit has applied the credit-as-true rule to both claimant testimony and medical opinion evidence. Hammock v. Bowen, 879 F.2d 498, 503 (9th Cir. 1989).

The Commissioner argues that the court's decision to remand for the determination of benefits is a manifest error of law because the court improperly credited Dr. Ewing's opinion as true. ECF No. 24 at 4. Specifically, the Commissioner claims that crediting Dr. Ewing's medical

opinion as true was inappropriate because there is conflicting and ambiguous evidence in the record as to plaintiff's disability. Id. However, the conflicting and ambiguous evidence cited by the Commissioner is simply a re-assertion of the evidence included in her cross-motion for summary judgment. See id.; ECF No. 19 at 11–14. These alleged contradictions do not convince the court that further development of the record is necessary. For example, the Commissioner points to evidence including isolated instances where (1) plaintiff claimed he was not experiencing anxiety or depression; (2) he was noted as having "unremarkable" appearance, attitude, grooming, eye contract, facial expressions, motor functioning, behavior, intelligence, and ability to interact with others; and (3) he had "grossly normal" memory. ECF No. 24 at 5. The court finds that these isolated instances are insufficient to warrant further development of the record. As the Ninth Circuit has repeatedly emphasized, mental health issues often appear in episodes, and it is legal error to rely upon a limited time period reflecting improvement in a claimant's mental health to discount the opinion of a treating or examining physician. See Garrison, 759 F.3d at 1017.

The Commissioner also argues that the issue of plaintiff's credibility remains to be disposed of on remand and that the ALJ's adverse credibility finding calls the physicians' opinions into question because they are based on plaintiff's subjective complaints. Id. at 6–7. However, the treating physicians' opinions do not rely entirely on plaintiff's subjective complaints. Dr. Ewing's medical opinion, for example, explicitly states that his opinion is based on a review of a mental status exam, a clinical interview, "accompanying documents," and plaintiff's personal history. AR 305. Dr. Ewing reviewed five mental health progress notes from Dr. Jacob J. Orphal, M.D., noting panic attacks and anxiety. AR 302. Dr. Ewing also observed that plaintiff's concentration and memory were impaired, as he could recall zero out of three words after a brief delay. AR 305.

What's more, it is clear based on the record that if Dr. Ewing's opinion is credited as true, a finding that plaintiff is disabled must follow. This is because during the hearing before the ALJ, plaintiff's administrative-level counsel asked the vocational expert a hypothetical question based on the limitations expressed in Dr. Ewing's opinion. AR 58-59. The vocational expert stated that

those limitations "would be preclusive." AR 59.  Accordingly, crediting Dr. Ewing's opinion as true means that a significant number of jobs do not exist in the national economy that plaintiff is capable of performing, mandating a finding that plaintiff is disabled at step five.  See Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

The court has reviewed the record as a whole and determined that the ALJ improperly disregarded Drs. Gevorkian and Ewing's medical opinions.  The Commissioner's citations to purported contradictions in the record do not indicate that further development of the record is necessary or that Dr. Ewing's opinion should not be credited as true.  Indeed, the Commissioner's arguments effectively amount to a rehashing of ones already addressed in the court's order granting plaintiff's motion for summary judgment.  See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Cal., 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) ("Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (internal quotation marks omitted)).  Accordingly, the court will deny the Commissioner's motion to alter or amend the judgment and remand the matter for the determination of benefits.

## CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that the Commissioner's April 17, 2015, motion for reconsideration, ECF No. 24, is DENIED.

DATED:  September 25, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE